UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAPHAEL M. PROVINO,<br><br>    Plaintiff<br><br>v.<br><br>U.S. FBI DIRECTOR CHRISTOPHER WRAY, et al.,<br><br>    Defendants | Case No.: 3:23-cv-00211-MMD -CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

Venue is not proper in the District of Nevada. Here, Plaintiff names as defendants various individuals and government officials and departments from the State of Texas as well as various federal government officials and departments and former United States Presidents, as well as

companies in New York, Los Angeles, and Oregon. He claims there was a fraudulent coverup of a real estate offer for the sale of property in Texas and embezzlement of Plaintiff's insurance checks.

None of the Defendants reside in the District of Nevada, and the events giving rise to the claims asserted did not take place in the District of Nevada. Instead, it appears the alleged events took place in the State of Texas.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

This action should be dismissed without prejudice for improper venue. As a result, Plaintiff's IFP application should be denied without prejudice. Plaintiff may file both his IFP application and complaint in a district where venue is proper.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action (ECF No. 1-1) **WITHOUT PREJUDICE** for improper venue, and **DENYING WITHOUT PREJUDICE** Plaintiff's IFP application (ECF No. 1).

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 9, 2023

_____
Craig S. Denney
United States Magistrate Judge